Dear Mr. Saloom:
This office is in receipt of your opinion request relative to Act No. 193, which increased the civil subject matter jurisdiction of the City Court of Lafayette from $5,000 to $15,000 effective January 1, 1998. The Act expressly provides that it is applicable only to cases filed on or after the effective date. Your first question asks if, in a situation where there is an original demand, not exceeding $5,000, filed before the effective date and then amended after the effective date to increase the demand over $5,000, the city court still retains jurisdiction or does C.C.P. Art. 1153 have the effect of increasing the original demand above the jurisdictional limits of the city court based on the date of filing of the original demand?
City courts have limited, concurrent jurisdiction with the district courts which have original jurisdiction of civil matters. La. Const. Art. 5, Sec. 16. The legislature establishes the amount in dispute and the procedural rules to be followed by the city court in hearing the matter. In the hypothetical presented, at the time the original action was filed the city court had a maximum $5,000 jurisdiction. C.C.P. Art. 4 provides:
 When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded . . .
C.C.P. Art. 1153 permits an amendment to relate back to the date of filing of the original petition when the "action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." An amendment increasing the initial amount of the demand is permissible and relates back to the original demand. C.C.P. Art. 5051 states that the rules of procedure are not "an end in themselves" and are to be liberally construed to insure implementation of the substantive law.
The Act limits the city courts to $5,000 in cases filed before the effective date of the Act. The case in question was filed before the effective date. The amendment clearly does not make the matter a case filed on or after the effective date of the new act due to the effect of Art. 1153. The amendment relates back to the date of original filing and is part and parcel of the original suit, not a separate action. Therefore, the case is limited to $5,000, even with consideration of C.C.P. Art. 5051. The court lacks subject matter jurisdiction of the entire action as a result of the amendment and must transfer the matter to the District Court. Assuming there is no prescription problem, the plaintiff could dismiss the original action and file a new claim up to $15,000 without any controversy. If the amendment was accepted by the city court the Defendant could file a declinatory exception of lack of jurisdiction.
With regard to your second question, incidental demands filed after the effective date of the Act and in excess of $5,000, C.C.P. Art. 1036 provides that a court has jurisdiction of an incidental demand "only if it would have had jurisdiction over the demand had it been instituted in a separate suit." Since the incidental demands in your hypothetical are filed after the effective date of the Act and do not exceed $15,000, under the provision of C.C.P. Art. 1036 and Art. 4, the city court clearly has jurisdiction.
In summary, when the original petition was filed the city court had a jurisdictional limit of $5,000. Any amendment of that petition, whether before or after the effective date of the Act, that increased the total demand to more than $5,000 would defeat the jurisdiction of the city court and the judge would be obliged to transfer the matter to the district court. Any incidental demand filed after the effective date of the Act would be within the jurisdiction of the city court as long as it did not exceed $15,000.
We hope this is responsive to your inquiry. Should you have any additional questions, please do not hesitate to contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb